IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RALPH HENRY, #10905-084 | : | |
| Petitioner | : | |
| v. | : | |
| LISA HOLLINGSWORTH, Warden and | : | CIVIL NO. RDB-07-747 |
| U.S. PAROLE COMMISSION | : | |
| Respondents | : | |

**<u>MEMORANDUM OPINION</u>**

Before the Court is a *pro se* 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by Ralph Henry, a D.C. Code offender who is incarcerated at the Federal Correctional Institution in Cumberland, Maryland, challenging a parole detainer lodged against him on October 3, 2003, to which he was released on July 26, 2004. In addition to his detainer challenge, Henry disputes the "constitutionality of the U.S. Parole Commission having jurisdiction over his original 'state' sentence." Counsel for Respondents has filed a Response in opposition. Upon review of the pleadings, exhibits, and applicable law, the Court finds a hearing unnecessary. The Court will deny the Petition by separate order.

**Facts**

The following facts are not in dispute. Henry is serving a parole violator term of 8,223 days based on the remainder of a ten-year sentence for possession with intent to distribute cocaine and two consecutive nine-year sentences for attempted possession with intent to distribute heroin. All three sentences were imposed by the Superior Court of the District of Columbia.

Henry was last paroled on October 10, 1995, by the former District of Columbia Board of

Parole. On August 15, 2003, he was convicted in the Circuit Court of the City of Alexandria, Virginia, of indecent liberties and carnal knowledge and sentenced to five years incarceration, all but fifteen months suspended.

On October 3, 2003, the U.S. Parole Commission ("Commission") issued a violator warrant for Henry, charging him with the two violations that led to his Virginia convictions. The Commission instructed the U.S. Marshal to place a parole violator warrant as a detainer against Henry.

On July 26, 2004, Henry was arrested on the violator warrant. His revocation hearing was held on September 8, 2004. On October 26, 2004, the Commission revoked parole, denied him credit for time on parole, and established a presumptive re-parole date of March 6, 2013. Henry was provided an interim hearing on October 19, 2006, and his presumptive re-parole date was left unchanged.

**Analysis**

Judicial review of U.S. Parole Commission decisions is limited to whether there has been an abuse of discretion. *See Garcia v. Neagle*, 660 F.2d 983, 989 (4th Cir. 1981). Henry fails to show the Parole Commission acted in contravention of law, abused its discretionary authority, or otherwise abridged his right to process.[1]

The U.S. Parole Commission exercises jurisdiction over District of Columbia felony prisoners pursuant to the National Capital Revitalization and Self-Government Improvement Act

---

[1] Henry does not claim, and the record does not indicate, whether he has pursued his claims through the Administrative Remedy Process provided by the Bureau of Prisons. The government's response does not raise the issue of administrative exhaustion. Assuming, without deciding whether the claims raised are fully exhausted, they are nonetheless without legal merit.

of 1997, Pub. L. No 105-33§ 24-131(a), and is authorized to revoke parole or modify conditions of D.C. Code offenders.[2] If a parolee violates the conditions of his release, the Parole Commission is authorized to issue a "warrant for the apprehension and return of the offender to custody." 28 C.F.R. § 2.20. Contrary to Henry's claims, the Commission does not exercise a judicial function and there is no violation of the doctrine of separation of powers.[3]

**Conclusions**

For these reasons, the Court will deny the Petition. A separate Order follows.

December 17, 2007                            /s/
Date                                         RICHARD D. BENNETT
                                             UNITED STATES DISTRICT JUDGE

---

[2] *See* D.C. Code § 24-131, which provides in part that "the United States Parole Commission shall assume any remaining powers, duties, and jurisdiction of the Board of Parole of the District of Columbia, including jurisdiction to revoke parole and to modify the conditions of parole, with respect to felons." The D.C. Code further provides:

> The Agency [Court Services and Offender Supervision Agency] shall supervise any [D.C.] offender who is released for imprisonment for any term of supervised release imposed by the Superior Court of the District of Columbia. Such offender shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release. The United States Parole Commission shall have and exercise the same authority as is vested in the United States district courts by paragraph (d) through (l) of §3583 of Title 18, United States Code.

D.C. Code § 24-133 (formerly codified at § 24-1233).

[3] *See Geraghty v. United States Parole Commission,* 719 F.2d 1199, 1211-12 (3rd Cir. 1983); *Artez v. Mulcrone*, 673 F.2d 1169, 1170 (10th Cir. 1982) ("In granting or denying parole, the Parole Commission does not modify a trial court's sentence, but merely determines whether the individual will serve the sentence insider or outside the prison wall."); *Page v. United States Parole Commission*, 651 F.2d 1083, 1085 (5th Cir. 1981); *Montgomery v. United States Parole Commission,* 2007 WL 1232190 (D.D.C. April 26, 2007); *Morrison v. United States Parole Commission*, 2006 WL1102805 at 2 (D.D.C. 2006).